UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

FLOATIES LLC d/b/a FLOATIE KINGS,
a California limited liability company, and
JONAS JOHANSSON, an individual,

       Plaintiffs,

v.

INTERNATIONAL LEISURE PRODUCTS,
INC. d/b/a SWIMLINE, a New York corporation,
and LARRY SCHWIMMER, an individual,

       Defendants.
_____/

# COMPLAINT

Plaintiffs Floaties LLC d/b/a Floatie Kings ("Floatie Kings") and Jonas Johansson ("Johansson") (collectively, "Plaintiffs") for their Complaint against Defendants International Leisure Products, Inc. d/b/a Swimline ("Swimline") and Larry Schwimmer ("Schwimmer") (collectively, "Defendants"), hereby allege as follows.

## NATURE OF THE ACTION

1. This is an action for declaratory relief seeking an order declaring that Plaintiffs do not infringe Defendants' asserted and purported trade dress and copyright, and an order declaring that Defendants' purported trade dress rights and copyright are unenforceable. This is also an action under 15 U.S.C. §§ 1114 & 1125, and state statutory and common law, for Defendants' infringement of Plaintiffs trademark rights as well as for Defendants' unfair competition and deceptive trade practices.

## PARTIES

2. Plaintiff Floatie Kings is a limited liability company organized and existing under the laws of the State of California, and maintains a principal place of business at 1300 S. Miami Ave., Suite 1805, Miami, Florida 33130.

3. Plaintiff Johansson is an individual residing at 1300 S. Miami Ave., Suite 1805, Miami, Florida 33130.

4. Upon information and belief, Defendant Swimline is a corporation organized and existing under the laws of the State of New York, and maintains a principal place of business at 191 Rodeo Drive, Edgewood, New York 11717.

5. Upon information and belief, Defendant Schwimmer is an individual residing in New York. On further information and belief, Defendant Schwimmer is a principal and corporate officer of Defendant Swimline, and directs and controls the actions of Defendant Swimline.

## JURISDICTION AND VENUE

6. Upon information and belief, Defendants conduct business throughout the United States, including in this Judicial District.

7. This Court has personal jurisdiction over Defendants because Defendants have a continuous, systematic, and substantial presence within this Judicial District including by selling and offering for sale infringing products in this Judicial District and selling into the stream of commerce knowing that such products would be sold and cause harm to Plaintiffs in this state and Judicial District.

8. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c), and by Plaintiffs' choice of venue.

9. This Court has subject matter jurisdiction over Plaintiffs' declaratory relief claims under 28 U.S.C. §§ 2201 and 2202. This Court also has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiffs' claims for trademark infringement, false designation of origin, and unfair competition pursuant to 15 U.S.C. §§ 1114 and 1125(a) arise under the laws of the United States. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

## GENERAL ALLEGATIONS

### Plaintiffs' Products and Associated Intellectual Property Rights

10. Since 2015, Plaintiffs have been marketing and selling a variety of inflatable outdoor floats and related products.

11. Plaintiffs have established Floatie Kings as one of the best known and trusted sellers of inflatable pool floats in the United States, offering several float designs including the "White Swan" and "Pizza Floatie" designs depicted below.

 

12. On October 11, 2016, Plaintiffs obtained a trademark registration for their FLOATIE KINGS® trademark (U.S. Trademark Registration No. 5,058,348 ("the '348 registration")). The '348 registration is associated with the following goods: inflatable toys. A true and correct copy of the '348 registration is attached hereto as **Exhibit A**.

13. Since August of 2015, Plaintiffs have also used the following logo in connection with their inflatable products (the "FK Logo").



14. Since August of 2015, Plaintiffs have also used the following slogan in connection with their inflatable products (the "Floatie King Slogan").



15. Plaintiffs have continuously used FLOATIE KINGS® word mark, Floatie King Slogan, and FK Logo (collectively, the "Floatie Kings Trademarks") in interstate commerce in connection with the advertisement, promotion and sale of Floatie King's inflatable products.

16. Plaintiffs advertise their products through social media channels, display advertising, live events, email marketing, influencer marketing, and television appearances. In the past three years alone, Plaintiffs have spent approximately $800,000 USD advertising their products in connection with the Floatie Kings Trademarks.

17. As a result of Plaintiffs' substantial efforts, the Floatie Kings Trademarks have become extremely valuable to Plaintiffs as an identifier of Floatie Kings, its products, and the substantial goodwill Plaintiffs have earned in the market. The Floatie Kings Trademarks have become synonymous in the consumer's mind with Floatie Kings.

18. By virtue of the extensive usage, advertising, promotion, and media exposure of the Floatie Kings Trademarks, these marks have become well-known among the trade, the public, and consumers in the United States, have acquired significant goodwill and public recognition, and have become strong source identifiers of Plaintiffs' goods and services and are entitled to a wide scope of protection.

**Defendants' Infringing Conduct**

19. Defendants maintain and operate the following Instagram® account.



20. Through this account, Defendants are posting images that infringe the Floatie Kings Trademarks.

21. On May 20, 2016, Defendants posted the following image with the slogan "FLOAT LIKE A KING."



22. Defendants' use of the phrase "FLOAT LIKE A KING" in their May 20, 2016 post, is confusingly similar to the FLOATIE KINGS® registered trademark and the Floatie Kings Slogan.

23. Defendants' May 20, 2016 post further includes a small crown in the upper right-hand corner of the photograph that is confusingly similar to the Plaintiffs' FK Logo.

24. Defendants infringe the Floatie Kings Trademarks in an attempt to falsely associate their products and services with Plaintiffs or to otherwise trade upon Plaintiffs' valuable reputation and customer goodwill in the Floatie Kings Trademarks and high-quality products sold in connection with these Trademarks.

25. Plaintiffs did not consent to Defendants' use of the Floatie Kings Trademark, or any other feature of Plaintiffs' products that help identify it to consumers.

26. Defendants' use of the Floatie Kings Trademarks is designed and intended to cause confusion, mistake, or deception as to the source of Defendants' products and services, and is likely to cause confusion and mistake, and to deceive consumers into believing that Defendants' products and services are Plaintiffs' products and services.

27. Plaintiffs are informed and believe, and thereon allege, that it is Defendants' purpose to cause consumers and potential customers to believe that Defendants' products and services are associated with Plaintiffs when in truth and fact they are not.

28. As a direct and proximate result of Defendants' actions, Defendants have created a likelihood of injury to Plaintiffs' business reputation and goodwill, caused a likelihood of consumer confusion, mistake and deception as to the source of origin or relationship of Plaintiffs and Defendants' goods and services, and have otherwise competed unfairly with Plaintiffs by unlawfully trading on and using the Floatie Kings Trademarks without Plaintiffs' permission or consent.

29. Plaintiffs are informed and believe, and thereon allege, that Defendants' wrongful acts alleged in this Complaint are willful and deliberate.

30. Defendants wrongful acts alleged in this Complaint have caused damage to Plaintiffs in an amount to be determined at trial, and such damages will continue to increase unless Defendants are enjoined from their wrongful actions and infringement.

31. Defendants wrongful acts alleged in this Complaint have caused Plaintiffs to suffer irreparable injury to its business. Plaintiffs will suffer substantial loss of goodwill and reputation unless and until Defendants are enjoined from their wrongful actions complained of herein.

**Defendants' Frivolous Litigation**

32. In addition to infringing on Plaintiffs' intellectual property, Defendants also initiated a baseless lawsuit against Plaintiff Johansson.

33. On August 14, 2017, Defendants filed their Complaint in the U.S. District for the Eastern District of New York, styled *International Leisure Products, Inc. v. Floatie Kings, et al.*, Civil Action No. 2:17-cv-04758-LDW-AYS (the "New York Litigation").

34. The New York Litigation alleges that Plaintiff Johansson purportedly infringes Defendants' trade dress and copyright. Specifically, Defendants' Complaint in the New York Litigation alleges that Plaintiff Johansson has purportedly infringed Defendants' "Swan Trade Dress," "Pizza Slice Trade Dress," and "Pool Pizza Slice Copyright." A true and correct copy of the Complaint from the New York Litigation is attached hereto as **Exhibit B**.

35. Defendants' position in the New York Litigation suffers from several significant flaws, including failure to serve process and failure to join indispensable parties (*i.e.* Floaties, LLC).

36. In addition to failing to properly serve Plaintiffs, the Complaint fails to state a cause of action for trade dress infringement or copyright infringement.

37. In a related action involving the same asserted trade dress, the Eastern District of New York dismissed Defendants' Complaint against a third-party competitor for failure to clearly articulate the elements of its purported trade dress. A copy of the Order of Dismissal is attached hereto as **Exhibit C**.

**COUNT I**
**DECLARATORY JUDGMENT OF UNENFORCABILITY OF TRADE DRESS**

38. Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-37 above.

39. Defendants' purported rights in the "Swan Trade Dress" and "Pizza Slice Trade Dress" are not sufficiently distinctive to qualify as protectible trade dress.

40. Defendants are seeking protection for an unprotectable style, theme, or idea in their "Swan Trade Dress" and "Pizza Slice Trade Dress."

41. As a result of Defendants' assertion of claims against Plaintiffs for infringement of their purported trade dress rights, there is a definite and concrete dispute, touching the legal relations of the parties to this action.

42. Plaintiffs therefore seek an order declaring that Defendants do not have any enforceable rights in their purported "Swan Trade Dress" and "Pizza Slice Trade Dress".

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADE DRESS

43. Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-37 above.

44. Defendants have asserted claims against Plaintiffs for infringement of Defendants' purported rights in the "Swan Trade Dress" and "Pizza Slice Trade Dress".

45. As a result of Defendants' assertion of claims against Plaintiffs for infringement of their purported trade dress rights, there is a definite and concrete dispute, touching the legal relations of the parties to this action.

46. Plaintiffs therefore seek an order declaring that Plaintiffs do not infringe Defendants' purported trade dress rights.

## COUNT III
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF COPYRIGHT

47. Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-37 above.

48. Plaintiffs request an order declaring that the alleged "Pool Pizza Slice Copyright" asserted by the Defendants, are invalid and unenforceable for, inter alia, the following not all-inclusive reasons: (a) an absence of sufficient creativity and originality to be entitled to copyright protection or registration; and (b) the products merely consist of a combination of known elements, components, depictions and/or shapes, all of which are in the public domain, and are not entitled to copyright protection or registration.

## COUNT IV
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT

49. Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-37 above.

50. Defendants have asserted claims against Plaintiffs for infringement of Defendants' purported "Pool Pizza Slice Copyright."

51. As a result of Defendants' assertion of claims against Plaintiffs for infringement of their purported copyright, there is a definite and concrete dispute, touching the legal relations of the parties to this action.

52. Plaintiffs therefore seek an order declaring that Plaintiffs do not infringe Defendants' purported copyright.

## COUNT V
## TRADEMARK INFRINGEMENT PURSUANT TO 15 U.S.C. § 1114

53. Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-37 above.

54. This is a claim for trademark infringement under 15 U.S.C. § 1114.

55. Without Plaintiffs' permission, Defendants have used in commerce reproductions, copies or colorable imitations of the registered FLOATIE KINGS® trademark in connection with

the sale, offering for sale, distribution, advertising, and/or promotion of Defendants' products and services.

56. Defendants' use of these copies or colorable imitations of the registered FLOATIE KINGS® trademark is likely to cause confusion, or to cause mistake, or to deceive.

57. Defendants' wrongful acts as alleged in its Complaint constitute willful and intentional infringement of the registered FLOATIE KINGS® trademark. Defendants engaged in such activities with the intent to unfairly compete against Plaintiffs, to trade upon Plaintiffs' reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' products and services are associated with, sponsored by, originated from, or are approved by Plaintiffs, when in truth and fact they are not.

58. Plaintiffs are informed and believe, and thereon allege, that Defendants had actual knowledge of Defendants' ownership and prior use of the registered FLOATIE KINGS® trademark and willfully and maliciously violated Plaintiffs' trademark rights under 15 U.S.C. § 1114 without Plaintiffs' consent.

59. Plaintiffs are informed and believe, and thereon allege, that Defendants' infringement has been willful and deliberate, which renders this an exceptional case within the meaning of 15 U.S.C. § 1117.

60. As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged and are entitled to monetary relief in an amount to be determined at trial.

61. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered and continue to suffer great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

62. Defendants will continue their actions, constituting trademark infringement, unless

enjoined by this Court.

## COUNT VI
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## PURSUANT TO 15 U.S.C. § 1125

63. Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-37 above.

64. This is a claim for false designation of origin, false or misleading description of fact or false or misleading representation of fact, and unfair competition under 15 U.S.C. § 1125(a).

65. Defendants' use of marks, slogans, and logos that are confusingly similar to the Floatie Kings Trademarks without Plaintiffs' consent in connection with the sale, offering for sale, distribution, advertising, and/or promotion of Defendants' products and services constitutes a false designation of origin, a false or misleading description or representation of goods and services, tending wrongfully and falsely to describe or represent a connection between Plaintiffs' and Defendants' goods and services.

66. Plaintiffs are informed and believe, and thereon alleges, that Defendants had actual knowledge of Plaintiffs' ownership and prior use of the Floatie Kings Trademarks prior to their infringing acts and have acted knowingly, willfully and maliciously with intent to trade upon Plaintiffs' goodwill and to injure Plaintiffs.

67. Defendants' wrongful acts as alleged in this Complaint constitute false designation of origin, false or misleading description of fact or false or misleading representation of fact, and unfair competition under 15 U.S.C. § 1125(a).

68. As a direct and proximate result of Defendants' actions, constituting false designation of origin, false or misleading description of fact or false or misleading representation

of fact, and unfair competition, Plaintiffs have been damaged and are entitled to monetary relief in an amount to be determined at trial.

69. As a direct and proximate result of Defendants' actions, constituting false designation of origin, false or misleading description of fact or false or misleading representation of fact, and unfair competition, Plaintiffs have suffered and continue to suffer great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

70. Defendants will continue their actions, constituting false designation of origin, false or misleading description of fact or false or misleading representation of fact, and unfair competition, unless enjoined by this Court.

## COUNT VII
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION PURSUANT TO THE FLORIDA COMMON LAW

71. Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-37 above.

72. This is a claim for unfair competition, arising under the common law of the State of Florida.

73. By reason of all of the foregoing, Defendants are engaged in unfair competition with Plaintiffs by using the trademarks, slogans, and logos of Plaintiffs in connection with the rendering, advertising and promotion of the sale of products and rendering of services, which has actually deceived or is likely to deceive and confuse the public into believing that Defendants' products and services and business are those of Plaintiffs, or are sponsored by, licensed by, endorsed by, or otherwise associated with Plaintiffs and by misappropriating or attempting to misappropriate the Floatie Kings Trademarks and the goodwill and reputation which are associated therewith.

74. By reason of all of the foregoing, Plaintiffs are being irreparably damaged by Defendants' activities in the manner set forth above and will continue to be irreparably damaged unless Defendants are enjoined from continuing to commit the aforesaid acts. Plaintiffs have no adequate remedy at law.

## COUNT VIII
## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

75. Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-37 above.

76. This is a claim for violation of the Florida Deceptive and Unfair Trade Practices Act under Chapter 501 of the Florida Statutes.

77. By reason of all of the foregoing, Defendants' actions actually deceive or are likely to deceive and mislead the public into believing that Defendants are Plaintiffs or a licensee of Plaintiffs or are authorized, endorsed, sponsored or approved by Plaintiffs or that Defendants' products and services or business activities originate with or are connected or associated with Plaintiffs, when they are not.

78. By reason of all of the foregoing, Defendants' actions constitute willfully unfair and deceptive conduct in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq*. and unfair competition under Florida common law.

79. By reason of all the foregoing, Plaintiffs are being irreparably damaged by Defendants' activities in the manner set forth above and will continue to be irreparably damaged unless Defendants are enjoined from the aforesaid acts. Plaintiffs have no adequate remedy at law.

## **DEMAND FOR RELIEF**

Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor on Counts I and VIII of their Complaint against Defendants, and grant Plaintiffs the following relief:

A. An order declaring that Defendants' asserted "Swan Trade Dress" and "Pizza Slice Trade Dress" are unenforceable, and an order declaring that Plaintiffs' do not infringe Defendants' "Swan Trade Dress" and "Pizza Slice Trade Dress."

B. An order declaring that Defendants' asserted "Pool Pizza Slice Copyright" is unenforceable, and an order declaring that Plaintiffs' do not infringe Defendants' "Pool Pizza Slice Copyright."

C. That Defendants and their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, be temporarily, preliminarily, and permanently enjoined and restrained from engaging in, and assisting or inducing, directly or indirectly, others to engage in the following activities: 1) infringing Plaintiffs' trademark rights in their federally registered FLOATIE KINGS® trademark; 2) using the registered FLOATIE KINGS® trademark, or any other mark, symbol, or logo that is confusingly similar to the registered FLOATIE KINGS® trademark, on or in connection with any goods or services; and 3) manufacturing, using, displaying, distributing, or selling any goods or services that infringe the registered FLOATIE KINGS® trademark.

D. That Defendants be required to deliver all labels, signs, prints, packages, wrappers, receptacles, advertisements and other materials bearing the registered FLOATIE KINGS® trademark pursuant to 15 U.S.C. §1118.

E. That Defendants be required to account to Plaintiffs for any and all profits derived by their acts of trademark infringement complained of in this Complaint;

F. That, because of the exceptional nature of this case resulting from Defendants' deliberate infringing actions, this Court award to Plaintiffs all reasonable attorneys' fees, costs and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117.

G. That Plaintiffs be awarded damages for Defendants' trademark infringement pursuant to 15 U.S.C. § 1117 in the form of Defendants' profits, damages sustained by Plaintiffs, and the costs of the action, together with prejudgment and post-judgment interest.

H. That Defendants and its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, be temporarily, preliminarily, and permanently enjoined and restrained from engaging in, and assisting or inducing, directly or indirectly, others to engage in the following activities: 1) using any of the Floatie Kings Trademarks, or any other mark or trade dress that is confusingly similar thereto; 2) falsely designating the origin of Defendants' goods; 3) unfairly competing with Plaintiffs in any manner whatsoever; 4) falsely advertising Defendants' products; 5) causing a likelihood of confusion or injuries to Plaintiffs' business reputation; and 6) manufacturing, using, displaying, distributing, or selling any products or services that use marks, trade dress, trade names or logos that are confusingly similar to the Floatie Kings Trademarks, or any other mark or trade dress that is confusingly similar thereto.

I. That Defendants be required to account to Plaintiffs for any and all profits derived by their acts of false designation of origin, false or misleading description of fact or false or misleading representation of fact, and unfair competition complained of in this Complaint.

J. That Defendants be adjudged to have willfully and maliciously infringed the Floatie Kings Trademarks in violation of Plaintiffs' common law rights under Florida common law.

K. That Defendants be adjudged to have willfully and maliciously infringed the Floatie Kings Trademarks in violation of Florida Deceptive and Unfair Trade Practices Act under Chapter 501 of the Florida Statutes.

L. An award to Plaintiffs against Defendants of such punitive damages as are appropriate in view of Defendants' willful conduct and bad faith.

M. An award to Plaintiffs of the costs in this action including Plaintiffs' reasonable attorneys' fees.

N. That Plaintiffs have and recover the costs of this civil action, including reasonable attorneys' fees.

O. An award of pre-judgment and post-judgment interest and costs of this action against Defendants.

P. An award of taxable costs.

Q. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand trial by jury in this action of all issues and claims triable by right of jury.

Date: January 18, 2018      Respectfully submitted by,

                THE BRICKELL IP GROUP, PLLC
                1101 Brickell Avenue
                South Tower, Suite 800
                Miami FL, 33131
                Tel: 305-728-8831
                Fax: 305-428-2450

            By: *s/ Richard Guerra*_____
               Richard Guerra
               Fla. Bar No. 689521
               Email: rguerra@brickellip.com
               Rafael Perez-Pineiro
               Fla. Bar No. 543101
               Email: rperez@brickellip.com
               *Counsel for Plaintiffs*